<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4769**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOMINIC ANTHONY DICLEMENTE,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7885)

Submitted:  September 26, 2005      Decided:  November 23, 2005

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Oldric J. Labell, Jr., Newport News, Virginia, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte, North
Carolina; Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dominic Anthony Diclemente pled guilty to one count of conspiracy with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). In his plea agreement, Diclemente waived "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255." The agreement provides that the waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

Finding that Diclemente's plea was knowing and voluntary, the magistrate judge accepted his guilty plea on June 16, 1995. At sentencing on April 15, 1996, the district court reviewed Diclemente's answers at the Fed. R. Crim. P. 11 hearing, and confirmed that he had entered his plea freely and voluntarily, that he understood the consequences of his plea, and that he was adequately represented by counsel. The district court sentenced Diclemente to 262 months of imprisonment.

On appeal, Diclemente sought to raise the following claims: (1) the court erred in sentencing him for crack cocaine rather than powder cocaine; (2) the court erred in sentencing him as a career offender under the guidelines; (3) counsel was ineffective at sentencing with respect to the above-mentioned grounds and for failing to move for a downward departure; and (4) the court erred in denying his Fed. R. Crim. P. 35 motion. The

Government moved to dismiss the appeal based on Diclemente's waiver of his appellate rights in his plea agreement. On July 7, 2004, we granted the Government's motion and dismissed the appeal.

On December 27, 2004, Diclemente filed a petition for writ of certiorari, which the Supreme Court granted on February 28, 2005. The Supreme Court remanded the matter to this court in light of its decision in United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. However, we have held in two recent cases that a plea agreement waiver of the right to appeal that was accepted prior to the Supreme Court's decision in Booker was not invalidated by the change in law effected by that decision. United States v. Johnson, 410 F.3d 137 (4th Cir. 2005), petition for cert. filed, ____ U.S.L.W. ____ (U.S. Sept. 7, 2005) (No. 05-6215); United States v. Blick, 408 F.3d 162 (4th Cir. 2005). Thus, the issuance of Booker does not render Diclemente's plea unknowing or involuntary, nor does Diclemente's Booker challenge fall beyond the scope of his pre-Booker appeal waiver. See Johnson, 410 F.3d at 153.

Accordingly, we reinstate our July 7, 2004 judgment dismissing Diclemente's appeal. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>